Celeste Eugenia HOPKINS as Next
Friend of Celeste Adeline
Hopkins, Appellant,

v.

SPRING INDEPENDENT SCHOOL
DISTRICT, et al., Appellees.

No. A14–85–652–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

Victor R. Rodriguez, George W. Wilhite, Houston, for appellant.

Daryl G. Dursum, James A. McDaniel, Charles B. Holm, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a summary judgment granted Appellees Spring Independent School District and a number of its employees in a suit for damages suffered by the minor Appellant. We affirm the order of the trial court.

Appellant Celeste Adeline Hopkins, a minor afflicted by cerebral palsy, attended an elementary school which is a unit of the Appellee Spring Independent School District (Spring I.S.D.). Appellant contends while she was left unsupervised in the schoolroom, another student pushed her into a stack of chairs, causing a severe blow to her head. When the teacher returned to the classroom, she was told of the incident. Appellant claims she had mild convulsions, developed cold sweats and gradually became dazed and incoherent. The child remained in the classroom until an occupational therapist took her to therapy. He inquired of her health and she told him she had a headache. The therapist took her to the school nurse, who advised the child she should remain at school. Appellant's mother, a Spring I.S.D. employee, was not contacted concerning her daughter's condition.

When Appellant's school day ended, she boarded a school bus operated by Spring I.S.D., where Appellant claims she suffered severe convulsions. The bus driver communicated via radio with his supervisor, Appellee Charles Bammel (Bammel), requesting that he provide a school nurse at the next designated bus stop. None was provided, and the driver was advised by Bammel to take the child to her day care center as usual. Upon arriving at the center, Appellant received treatment. She claims as a result of Appellees' neglect and failure to provide adequate medical care, her life expectancy was dramatically decreased.

Appellants filed suit under the Texas Tort Claims Act and the Texas Education Code against Spring I.S.D., Bammel, Theil Shastid the school principal, Jane Childers the school nurse, and the child's unnamed Teacher, for damages the child suffered as a direct and proximate result of Appellees' negligence and gross negligence. Appellees moved for joint summary judgment, alleging public schools and their employees in Texas enjoy an extensive immunity from tort liability under the two acts upon which Appellants sued. The trial court granted the joint motion. Appellants bring four points of error on appeal.

■ In their first point, Appellants assert their claim is not barred by the statute of limitations as a matter of law. We agree. The incident made the basis of the claim occurred on October 11, 1982, and Appellant's Original Petition was not filed until October 19, 1984. However, their claim is not barred by the two-year statute of limitations established in TEX.CIVIL PRACTICE & REMEDIES CODE § 16.003 (Vernon 1986).[1] A minor plaintiff's disability status tolls the statute. TEX.CIVIL PRACTICE & REMEDIES CODE § 16.001 (Vernon 1986).[2] The bringing of a suit by the Next Friend of a minor in no way changes the minor's status; his disabilities are not removed or suspended by the bringing of such suit. *Greathouse v. Fort Worth & D.C. Ry. Co.,* 65 S.W.2d 762, 765 (Tex.Comm'n App.1933, holding approved). In a suit brought by the Next Friend for a minor, the minor and not the Next Friend is the real plaintiff. *Safeway Stores of Texas v. Rutherford,* 130 Tex. 465, 111 S.W.2d 688, 689 (1938). Point of error one is sustained.

In the second point, Appellants claim trial court error in its granting of summary judgment for Appellees Spring I.S.D. and Bammel because the defense of governmental immunity is not available under the Tort Claims Act. We initially address the proof necessary to obtain a summary judgment. A defendant who so moves has the burden of showing that no material issue of fact exists as to the plaintiff's cause of action; thus, the movant is entitled to judgment as a matter of law. *Griffin v. Rowden,* 654 S.W.2d 435, 436 (Tex.1983); *Citizens First National Bank of Tyler v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976). A plaintiff must establish each element of his cause of action to prevail at a trial on the merits; therefore, if the defendant proves that at least one element of

---

1. Formerly TEX.REV.CIV.STAT.ANN. art. 5526.

2. Formerly TEX.REV.CIV.STAT.ANN. art. 5535.

the plaintiff's case is insufficient or is conclusively established against plaintiff, the defendant's summary judgment should be granted. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107–108 (Tex.1984); *Manoogian v. Lake Forest Corp.,* 652 S.W.2d 816, 818 (Tex.App.—Austin 1983, writ ref'd n.r. e.). In this point of error, as well as the subsequent points, we observe that Appellants could not have succeeded under either statute. *Marshall v. Garcia,* 514 S.W.2d 513, 518 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). As a matter of law, Appellant raised no material fact issue. Thus the summary judgment movants, Appellees, proved the essential elements of their defenses. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *McManus v. Anahuac Independent School District,* 667 S.W.2d 275, 276 (Tex.App.—Houston [1st Dist.] 1984, no writ).

■ The Texas Tort Claims Act provides that local government units and their employees acting in their governmental capacity are immune from prosecution for their alleged negligence resulting in bodily injuries or death. Liability for property damage or personal injuries or death will be implied only when they are proximately caused by the negligence or wrongful act or omission of any officer or employee arising from the operation or use of a motor-driven vehicle. TEX.REV.CIV.STAT.ANN. art. 6252–19(3)(b) (Vernon Supp.1985).[3] Appellants claim Spring I.S.D. and Bammel are liable for their failure to transport the minor Appellant to a medical facility; thus, her injuries were aggravated and accelerated during her transportation on the bus.

The alleged negligent acts must arise from the operation or use of a motor vehicle. *Jackson v. City of Corpus Christi,* 484 S.W.2d 806, 809 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). The Texas Tort Claims Act does not define the words "operation" and "use"; therefore, their common and ordinary meaning should be applied. Thus "operation" is "the doing or performing of a work or of something involving practical application of principles or processes," and "use" is "the act or practice of employing something." *Id.; Estate of Garza v. McAllen Independent School District,* 613 S.W.2d 526, 527 (Tex.Civ.App. —Beaumont 1981, writ ref'd n.r.e.); *Brantley v. City of Dallas,* 545 S.W.2d 284, 286 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). Liability has been imposed when the injuries are alleged to have proximately resulted from the negligent use of property in some respect deficient or inappropriate for the purpose for which it was used. *Brantley,* 545 S.W.2d at 286. The *Brantley* court held the plaintiff's injury was not proximately caused by the defendant's failure to transport plaintiff to a hospital in a fire department ambulance. Nor may liability be imposed when the injury merely took place on the motor vehicle and did not result from the negligent use or operation of the motor vehicle. *Garza,* 613 S.W.2d at 528. The use of a smoke device on a float in a parade sponsored by a school district which ultimately caused a fire did not result from the use or operation of a motor vehicle. The float trailer was merely the site of the accident; its use or operation did not cause the fire. *Pierson v. Houston Independent School District,* 698 S.W.2d 377 (Tex.App.—Houston [14th Dist.] 1985, writ pending).

The minor Appellant's injury clearly cannot be the kind contemplated by the legislature as one which arose from the use of a motor vehicle. The bus was merely the means by which she left the site of the accident and where an on-going process resulting from her physical condition occurred. We overrule the second point of error.

■ In the third and fourth points, Appellants allege the trial court erred in granting summary judgment for the school principal, the school nurse and the teacher based on qualified immunity under the Tex-

---

**3.** Article 6252–19 repealed September 1, 1985 and relocated in TEX.CIVIL PRACTICE AND REMEDIES CODE, § 101.021 (Vernon 1986).

All references are to the statute in effect at the pertinent time.

as Education Code, as the actions of the various school employees constituted a form of discipline. The legislature extended the same immunity available to school district employees under the Tort Claims Act to the Texas Education Code. An exception exists "in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students." TEX. EDUC.CODE.ANN. § 21.912(b) (Vernon 1986).

Appellants claim that as a result of her submission to the control and authority of Appellees, the minor Appellant suffered severe and permanent damage. They cite dictionary definitions of the word "discipline" which include "acceptance of or submission to authority and control" and "acting in accordance with rules and orders." Thus, they claim it was negligent discipline when the teacher failed to supervise the classroom to maintain order and later disciplined the child by ordering her to remain in the classroom following the accident. The negligent discipline continued while she was forced to remain in school that day and on the bus as she was driven to her day care center. Aggravating the situation is the fact school personnel knew the child might require special care because of her cerebral palsy. The mother's phone number and other emergency numbers were known to Appellees, but they failed to call anyone. Thus, Appellants characterize the incidents of the day as a disciplinary process resulting from the decisions made by personnel who exercised care and control over the child's movements.

In the present case we find that, unfortunate as the events of that day were, no evidence existed of acts sufficient to constitute discipline as contemplated by the statute. The Texas Supreme Court interpreted § 21.912(b) to mean the employee is not personally liable for acts done within the scope of his employment, and which involve the exercise of judgment or discretion, except in circumstances where, in disciplining a student, the employee uses excessive force or his negligence results in bodily injury to the student. *Barr v. Bernhard*,

562 S.W.2d 844, 849 (Tex.1978). In so ruling, the *Barr* court stated it considered the entire statute in determining the legislative intent behind it, and it would not give one provision a meaning inconsistent with other provisions although it might be susceptible of a different construction if standing alone. *Id.* We are aware of the criticisms in commentary and case law concerning the "restrictive" interpretation of this phrase. *See*, e.g., *Barr*, 562 S.W.2d at 850 (Johnson, J. dissenting); *McManus v. Anahuac Independent School District*, 667 S.W.2d at 279; Comment, *Broad Tort Immunity Provided Texas Public Schools and Public School Personnel: A Reappraisal*, 16 Tex. Tech.L.Rev. 515 (1985); Comment, *Professional School Employees—The Privileged Class?*, 19 S.Tex.L.J. 664 (1978). Also we note the number of jurisdictions cited by Appellants in their brief which do not provide tort immunity for teachers and other school personnel and do allow actions for injuries resulting from negligent acts. We decline to adopt their position.

The term "discipline" was discussed in *Diggs v. Bales*, 667 S.W.2d 916 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), wherein the plaintiff alleged the defendant school teacher was negligent in supervising the classroom where a classmate shot an object at plaintiff, resulting in an eye injury. In affirming the summary judgment, the court of appeals found that no issues were raised concerning punishment of the plaintiff, observing that the phrase "negligence resulting in bodily injury to students" as used in § 21.912(b) is directed at the "manner of student discipline in which no force is used, but negligence in the imposition of the punishment results in bodily injury to the student." *Id.* at 918.

In *Sewell v. London*, cited by Appellants, the appellate court reversed a summary judgment on the basis school employees could be held liable for their negligent acts resulting in bodily injury to students. *Sewell v. London*, 371 S.W.2d 426 (Tex.Civ. App.—Texarkana 1963, no writ). *Sewell*, however, was based on common law immunity prior to the enactment of the Texas

Tort Claims Act and the Texas Education Code. Thus its holding no longer applies.

Clearly, the Texas Supreme Court intends that the waiver of governmental immunity is a matter to be addressed by the legislature. *Barr*, 562 S.W.2d at 846; *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976). It is not a matter to be undertaken by a court of appeals. *Brantley*, 545 S.W.2d at 287. The court of appeals, as an intermediate appellate court, is bound by the pronouncements of the Supreme Court on the law until the Supreme Court makes a contrary statement. *Diggs*, 667 S.W.2d at 918.

In the present case, there were no material fact issues presented by Appellants concerning discipline of the minor by Appellees according to the dictates of the Texas Supreme Court's interpretation of § 21.-912(b). As a matter of law, Appellees' immunity under the Texas Education Code § 21.912(b) was not waived.

We overrule the third and fourth points of error. Accordingly, we affirm the summary judgment order of the trial court.