Marcus **MARTINEZ** and Mary Koog, Individually and on Behalf of Their Minor Child, Kaelyn C. Martinez, Appellants,

v.

**VAL VERDE COUNTY HOSPITAL DISTRICT d/b/a Val Verde Regional Medical Center, Appellee.**

No. 04–02–00001–CV.

Court of Appeals of Texas, San Antonio.

May 7, 2003.

---

**10.** *See* TEX.R. CIV. P. 97.

Ricky J. Poole, Les Mendelsohn, Les Mendelsohn & Associates, P.C., San Antonio, for appellants.

Christopher J. Deeves, Cynthia Day Grimes, Ruth G. Malinas, Ball & Weed, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

On behalf of their minor child, Kaelyn, Marcus Martinez and Mary Koog appeal the trial court's dismissal of their claim brought under the Texas Tort Claims Act ("TTCA"). We are presented with two issues on appeal: whether the TTCA's six-month notice requirement is a jurisdiction-

al requirement and whether Kaelyn's minority tolls the notice requirement.

## BACKGROUND

On behalf of Kaelyn, Marcus Martinez and Mary Koog filed suit for medical malpractice pursuant to the TTCA against appellee Val Verde County Hospital District d/b/a Val Verde Regional Medical Center ("Val Verde"), Dwayne Riegel, CRNA, and Allen Anderson, MD. In response to this lawsuit, Val Verde filed a plea to the jurisdiction, arguing that because the plaintiffs did not provide notice of their claim to Val Verde within six months of the date of injury, their claims against Val Verde should be dismissed. It is undisputed that the plaintiffs first provided notice to Val Verde on October 19, 1998, seven months after the date of injury. And, there is no evidence in the record that before October 19, 1998, Val Verde had actual notice of the plaintiffs' claim. The trial court granted Val Verde's plea to the jurisdiction and severed the claims against Val Verde from those against Riegel and Anderson. Martinez and Koog appeal, arguing that the trial court erred in granting the plea to the jurisdiction because (1) failing to provide notice pursuant to the TTCA's six-month notice provision is an affirmative defense, not a jurisdictional requirement and (2) because of their daughter's minority, the TTCA's six-month notice provision is tolled.[1]

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Texana Cmty. MHMR Ctr. v. Silvas*, 62 S.W.3d 317, 320 (Tex.App.-Corpus Christi 2001, no pet.); *see Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). A plea to the jurisdiction contests the authority of a court to determine the subject matter of the case. *Texana*, 62 S.W.3d at 320. The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Id.*; *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

## JURISDICTION

Martinez and Koog argue that pursuant to *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex.2000), the TTCA's six-month notice provision is a statutory prerequisite, not a jurisdictional requirement. In *Dubai*, Kazi, a citizen of India, was killed while working on an oil rig off the coast of United Arab Emirates. *Id.* at 73. Kazi's survivors, all citizens of India, filed a wrongful death suit in Harris County district court, basing their claim on section 71.031 of the Texas Civil Practices and Remedies Code. *Id.* Section 71.031 permits suit for the personal injury or wrongful death of a citizen of a foreign country, if the decedent or injured party's country of citizenship has "equal treaty rights" with the United States. *Id.*; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 71.031 (Vernon Supp. 2003). The *Dubai* defendants argued that the trial court lacked subject-matter jurisdiction because India does not have "equal treaty rights" with the United States and as such, the plaintiffs had failed to meet section 71.031's requirement. *Dubai*, 12 S.W.3d at 74. The court of appeals held that the plaintiffs' claim must satisfy all the requisites of section 71.031 in order for

---

1. Martinez and Koog also brought individual claims against Val Verde. Although these claims were dismissed by the granting of the plea to the jurisdiction, Martinez and Koog only appeal the trial court's judgment with respect to the claims brought on behalf of Kaelyn. Thus, with respect to appellants' individual claims, we affirm the judgment of the trial court.

the district court to assert subject-matter jurisdiction. *Id.* at 76. The Texas Supreme Court disagreed, noting that "[w]hen, as here, it is difficult to tell whether or not the parties have satisfied the requisites of a particular statute, it seems perverse to treat a judgment as perpetually void merely because the court or the parties made a good-faith mistake in interpreting the law." *Id.* at 76. The supreme court then overruled its holding in *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926), to the extent that *Mingus* characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional. *Dubai,* 12 S.W.3d at 76. According to the supreme court, "[t]he trial court in this case had jurisdiction because a claim for wrongful death was within its constitutional jurisdiction, not because the plaintiffs satisfied all the grounds listed in former section 71.031(a)." *Id.*

We must, thus, determine whether the TTCA's six-month notice requirement is a jurisdictional requirement or simply a statutory prerequisite under *Dubai.* Texas has long recognized that sovereign immunity, unless waived, protects the State, its agencies, and officials from lawsuits for damages. *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997), *overruled on other grounds by Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591 (Tex.2001). Under the TTCA, the Legislature has waived sovereign immunity only in certain, narrowly defined circumstances. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001); *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 584 (Tex.1996). Section 101.025 of the TTCA provides that "[s]overeign immunity to suit is waived and abolished to the extent of liability created by this chapter." Tex. Civ. Prac. & Rem.Code Ann. § 101.025(a) (Vernon 1997). Section 101.021, in turn, creates governmental liability for the following events: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment and the employee would be personally liable to the claimant according to Texas law; or (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *Id.* § 101.021. Here, Martinez and Koog have alleged that Kaelyn's death was caused by a condition or use of tangible personal property. *See Clark,* 923 S.W.2d at 584 (noting that TTCA waives sovereign immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law").

Additionally, section 101.101 states that a "governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred." Tex. Civ. Prac. & Rem.Code Ann. § 101.101(a) (Vernon 1997). According to Martinez and Koog, section 101.101(a)'s six-month notice requirement gives the governmental unit "immunity from liability," not "immunity from suit." As such, they argue that a plea to the jurisdiction was the incorrect procedural vehicle here. Immunity from suit bars an action against the State unless the State expressly consents to suit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). The party suing the governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative per-

mission. *Id.* If the State has not consented to suit, the State may contest the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *See id.* By contrast, immunity from liability does not affect a court's jurisdiction to hear a case. *Id.* Immunity from liability protects the State from judgment even if the Legislature has expressly consented to the suit. *Id.* Like other affirmative defenses to liability, it must be pled or else it is waived. *Id.*

■ To determine whether the TTCA's six-month notice requirement falls under immunity from liability, and is, therefore, an affirmative defense, or whether it falls under immunity from suit, making compliance with it a jurisdictional requirement, we must look to the plain meaning of the statute. *Tune v. Tex. Dep't of Pub. Safety,* 23 S.W.3d 358, 363 (Tex.2000). If a statute is clear and unambiguous, we need not resort to rules of construction or other extrinsic aids to construe it. *Id.* Whether a statute is ambiguous is a question of law. *Retama Dev. Corp. v. Tex. Workforce Comm'n,* 971 S.W.2d 136, 139 (Tex.App.-Austin 1998, no pet.). Ambiguity exists if reasonable persons can find different meanings in the statute. *Teleprofits of Tex., Inc. v. Sharp,* 875 S.W.2d 748, 750 (Tex.App.-Austin 1994, no writ). Here, section 101.025(a) states that sovereign immunity is waived and abolished to the extent of *liability created by this chapter.* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (Vernon 1997). Section 101.021 describes the particular circumstances for which *a governmental unit in the state is liable. Id.* § 101.021.

Given their plain meaning, sections 101.025 and 101.021 provide for the State's consent to suit. Thus, if a plaintiff has alleged facts which fit within section 101.021, that plaintiff has invoked the jurisdiction of the trial court. *See Dubai,* 12 S.W.3d at 76.

■ Because section 101.021 invokes the trial court's jurisdiction, it follows that compliance with section 101.101's six-month notice requirement is not necessary to invoke the jurisdiction of the trial court. The six-month notice requirement, therefore, falls under immunity from liability, and is an affirmative defense.[2] *See id.* Failure to comply with this six-month notice requirement, however, cannot be cured through abatement. Notice provisions defined in terms of date of suit can be cured through abatement. *See Hines v. Hash,* 843 S.W.2d 464, 468–69 (Tex.1992) (explaining that when plaintiff fails to comply with notice requirement under DTPA or Medical Liability and Insurance Improvement Act, abatement of the action for the statutory notice period is appropriate, not dismissal). Here, however, section 101.101's notice requirement is defined in terms of the date of injury: "A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months *after the day that the incident giving rise to the claim occurred."* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 1997) (emphasis added). Once six months from the date of the incident has passed, it is forever lost and cannot, therefore, be cured through abatement. As such, section 101.101's six-month notice requirement is comparable to

---

**2.** This issue has divided the courts of appeal. *See Stanton v. Univ. of Tex. Health Sciences Ctr.,* 997 S.W.2d 628, 629–30 (Tex.App.-Dallas 1998, pet. denied) (holding notice provision of TTCA is not jurisdictional requirement). *But see Texana Cmty. MHMR Ctr. v. Silvas,* 62 S.W.3d 317, 324–25 (Tex.App.-Corpus Christi 2001, no pet.) (holding notice provision is jurisdictional requirement); *State v. Kreider,* 44 S.W.3d 258, 264 (Tex.App.-Fort Worth 2001, pet. denied) (same). *Stanton* was decided before *Dubai. Silvas* and *Kreider* did not discuss the implications of *Dubai's* holding in their opinions.

the affirmative defense of statute of limitations. Once the statute of limitations has run, it can never be cured.

Because section 101.101's notice requirement is an affirmative defense, it should not have been raised in a plea to the jurisdiction. Like other affirmative defenses, a motion for summary judgment is the appropriate procedural vehicle. We, therefore, sustain appellants' first issue.

## MINORITY UNDER THE TEXAS TORT CLAIMS ACT

■ Appellants frame their second issue as follows: The trial court erred in granting Val Verde's plea to the jurisdiction based upon sovereign immunity because Kaelyn (the minor) operated under the legal disability of minority at the time the lawsuit was filed, tolling the notice provisions under the Texas Tort Claims Act. Appellants rely on *Hopkins v. Spring Independent School District,* 706 S.W.2d 325, 326 (Tex.App.-Houston [14th Dist.] 1986), *aff'd on other grounds,* 736 S.W.2d 617 (1987). *Hopkins* held that the statute of limitations under the TTCA against a governmental unit is tolled until two years following the date the minor reaches majority. In so holding, the Fourteenth Court of Appeals relied on section 16.001 of the Texas Practice and Remedies Code, which provides that the statute of limitations is tolled for minors. *Id.*

There is not, however, a similar statute providing for the tolling of the notice requirement for those with legal disabilities. Despite this fact, appellants urge us to look to section 16.001 of the Texas Civil Practice and Remedies Code and create a similar rule tolling the TTCA's notice requirement. We decline to do so. The

State has sovereign immunity from suit unless it so consents. The TTCA provides for such waiver of sovereign immunity under certain circumstances. The TTCA does not, however, contain any provision tolling the notice period for minors. The Legislature could have provided for an extension or tolling of the notice requirement as it did in the Texas Deceptive Trade Practices Act. *See* TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon 2002). Unless and until the Legislature provides for such a provision in the TTCA, we decline to create the common-law rule requested by appellants. We, therefore, hold that the TTCA's six-month notice requirement was not tolled for Kaelyn's minority.[3]

Moreover, this decision is consistent with our opinion in *Streetman v. University of Texas Health Science Center,* 952 S.W.2d 53, 55 (Tex.App.-San Antonio 1997, writ denied). In *Streetman,* we held that the discovery rule did not apply to the Texas Tort Claims Act's six-month notice requirement:

> Although we, like the First Court of Appeals, believe the result is unfair, we must note that appellants' cause of action exists solely by virtue of the TTCA [Texas Tort Claims Act], which waives sovereign immunity under certain circumstances; but for the statute, the doctrine of sovereign immunity would have prohibited this suit. Being bound by the procedural devices in the statute, appellants must strictly comply with the notice provision. Despite the effect on appellants' special situation, we have no alternative but to defer to the legislature for any statutory changes designed to permit the application of the discovery rule. Because we find the discovery

---

3. In their brief, appellants urge us to consider whether Kaelyn's legal disability "implicates" federal and state constitutional due process concerns. To any extent appellants were at-

tempting to bring this "implication" as a separate issue, they have failed to do so. TEX. R.APP. P. 38.1(h).

rule does not apply to the TTCA notice provision, we overrule appellants' points of error.

952 S.W.2d at 56 (citations omitted). We overrule appellants' second issue.

### CONCLUSION

Because Val Verde's plea to the jurisdiction was the improper procedural vehicle, we reverse the judgment of the trial court with respect to appellants' claim brought on behalf of Kaelyn and remand this cause to the trial court for further proceedings consistent with this opinion. However, with respect to appellants' individual claims, we affirm the judgment of the trial court.