Marcus MARTINEZ and Mary Koog, on Behalf of Their Minor Child, Kaelyn C. MARTINEZ, Petitioners,

v.

VAL VERDE COUNTY HOSPITAL DISTRICT d/b/a Val Verde Regional Medical Center, Respondent.

No. 03–0611.

Supreme Court of Texas.

Argued Jan. 7, 2004.

Decided July 9, 2004.

Les Mendelsohn, Ricky J. Poole, Les Mendelsohn & Associates, P.C., Kimberly S. Keller, The Keller Group, San Antonio, for Petitioner.

Ruth G. Malinas, Cynthia Day Grimes and Christopher John Deeves, Ball & Weed, P.C., San Antonio, for Respondent.

Justice HECHT delivered the opinion of the Court.

The only issue presented in this case is whether the six-month period prescribed by section 101.101(a) of the Texas Tort Claims Act for giving notice of a claim against a governmental unit[1] is tolled by the claimant's minority. The lower courts held that it is not,[2] and we agree.

Kaelyn Martinez, age 3, underwent a tonsillectomy at the Val Verde Regional Medical Center. Kaelyn's parents, Marcus Martinez and Mary Koog, allege that because she was feverish and congested at the time and had recently eaten, she immediately began to suffer pulmonary and respiratory distress requiring treatment at another hospital for acute postoperative obstructive pulmonary edema. A little over two years after the operation, Martinez and Koog filed suit, individually and on behalf of Kaelyn, against the Val Verde County Hospital District (which operates as the Medical Center) and others.

The Hospital District is a governmental unit immune from suit,[3] but Martinez and Koog contend that its immunity is waived by the Tort Claims Act. The Act requires that a governmental unit receive notice of any claim against it within six months of the incident giving rise to the claim unless it already has actual notice.[4] The Hospital District first received notice of the claims of Kaelyn and her parents six months and twenty-two days after Kaelyn's surgery. Martinez and Koog do not contend that the Hospital District had actual notice before then. Accordingly, the Hospital District filed a plea to the jurisdiction, asserting that because it did not receive notice as required by the Act, its immunity from suit was not waived and the court lacked subject matter jurisdiction of the claims against it. The trial court sustained the plea, ordered the case dismissed with prejudice, and severed its order from the rest of the case, thereby making it appealable.

Martinez and Koog appealed only on behalf of Kaelyn. The court of appeals held that Kaelyn's minority did not toll the six-month period for giving notice but that notice is not a condition of the Act's waiver

---

**1.** Tex. Civ. Prac. & Rem.Code § 101.101(a) ("A governmental unit is entitled to receive notice of a claim against it [under the Act] not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident.").

**2.** 110 S.W.3d 480, 482, 485 (Tex.App.-San Antonio 2003).

**3.** *See* Tex. Civ. Prac. & Rem.Code § 101.001(3); Tex. Const. art. IX, §§ 4–11 (providing for the creation of hospital districts); Tex.Rev.Civ. Stat. Ann. art. 4494q (listing hospital districts); Act of May 29, 1975, 64th Leg., R.S., ch. 658, 1975 Tex. Gen. Laws 1977 (creating the Val Verde County Hospital District).

**4.** Tex. Civ. Prac. & Rem.Code § 101.101(a), (c).

of immunity.[5] Lack of notice, the court reasoned, is comparable to an affirmative defense, and while it cannot be cured through abatement or otherwise and is therefore an absolute bar to suit if properly asserted, it does not prevent a waiver of immunity under the Act or deprive the court of subject matter jurisdiction.[6] The court therefore reversed the trial court's dismissal for want of jurisdiction and remanded the case for further proceedings.

We granted Martinez and Koog's petition for review.[7] The Medical Center did not petition for review.

Martinez and Koog acknowledge that the six-month notice period is not tolled by any statute, and they do not argue that it violates any constitutional provision. They argue only that because it has long been established that an unemancipated child has no right to sue on her own,[8] the general rule should be that any period for taking legal action is tolled during a person's minority absent a statutory provision expressly to the contrary. They point to section 16.001 of the Texas Civil Practice and Remedies Code, which excludes from limitations periods for personal actions the time during which a person is a minor. They concede that because section 16.001 expressly applies only to limitations periods contained in chapter 16, subchapter A[9] of the Texas Civil Practice and Remedies Code, where it is located,[10] it cannot toll the notice period under the Tort Claims Act, which is located in chapter 101, subchapter D of the Code. But they argue that section 16.001 is an example of a statute that merely expresses the rule that would apply anyway, even without the statute.

We do not agree that the restrictions the law imposes on minors exempt them from time limits imposed by law without statutory tolling provisions. On the contrary, tolling statutes like section 16.001 indicate to us that absent such provisions, the time periods would apply. In *Weiner v. Wasson*, we held that a statute of limitations could not operate against a minor's health care liability claim without violating the Open Court provision of the Texas Constitution.[11] If the rule were that all limitations periods are tolled for minority unless tolling is expressly prohibited, *Weiner* would have been an easy case and would not have involved the Open Courts provision.

One can believe, as the court of appeals did,[12] that it is unfair to require a minor who cannot sue to give the notice required by the Tort Claims Act, but the State is not required to waive immunity from suit at all. The fairness or wisdom of the waiver is not our province to decide.

---

5. 110 S.W.3d at 482–485.

6. *Id.*

7. 47 Tex. Sup.Ct. J. 2, 2–3 (Oct. 3, 2003).

8. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983) (citing *Gulf, Colo. & Santa Fe Ry. v. Styron*, 66 Tex. 421, 1 S.W. 161 (1886)).

9. Chapter 16 ("Limitations"), Subchapter A ("Limitations on Personal Actions").

10. Tex. Civ. Prac. & Rem.Code § 16.001(a) (*"For the purposes of this subchapter,* a person is under a legal disability if the person is (1) younger than 18 years of age, regardless of whether the person is married") (emphasis added), (b) ("If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.") (in Subchapter A, applicable to personal actions); *see also id.* § 16.022 (in Subchapter B, applicable to real property actions).

11. 900 S.W.2d 316, 319 (Tex.1995).

12. 110 S.W.3d at 485.

The judgment of the court of appeals is *Affirmed.*