COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
| ALEJANDRO HERNANDEZ AND | | No. 08-18-00045-CV |
| THE FREEDOM INDEED | § | |
| FOUNDATION, INC., | | Appeal from the |
| | § | |
| Appellants, | | County Court at Law No. 7 |
| | § | |
| V. | | of El Paso County, Texas |
| | § | |
| CONSTABLE R.A. SOMMERS | | (TC# 2017DCV0816) |
| PRECINCT #7, | § | |
| | | |
| Appellee. | § | |

## **O P I N I O N**

Alejandro Hernandez and The Freedom Indeed Foundation, Inc. are appealing from an order granting Constable R.A. Sommers' plea to the jurisdiction and dismissing their suit against her.[1] We affirm.

### FACTUAL AND PROCEDURAL SUMMARY

This is the fourth appeal related to or arising out of an eviction proceeding against Alejandro Hernandez and all occupants of certain real property located in El Paso, Texas. To put the instant appeal in its proper context, we will briefly set forth the underlying facts and procedural

---

[1] For convenience, the opinion will refer to the appellants individually as "Hernandez" and "FIF" or collectively as "Appellants."

history. As will be addressed in more detail below, the plea to the jurisdiction will be reviewed based on the pleadings and jurisdictional evidence properly before the trial court.

*The Eviction Proceeding*
*Justice Court Cause No. 715-00214-FED*
*County Count at Law Cause No. 2016-CCV00265*
*Appeal Cause Nos. 08-16-00218-CV and 08-16-00290-CV*

In 2014, U.S. Bank Trust purchased certain real property at a non-judicial foreclosure sale, and it sent notice to vacate to Hernandez, a tenant pursuant to an alleged oral lease with the former owners. When Hernandez failed to vacate, U.S. Bank Trust filed a forcible detainer suit in the justice court (cause number 715-00214-FED). A jury awarded possession to U.S. Bank Trust, and the justice court entered judgment in U.S. Bank Trust's favor. Hernandez appealed to the county court at law. The case was styled *U.S. Bank Trust N.A. as Trustee for LSF8 Master Participation Trust* and numbered 2016-CCV00265. We dismissed Hernandez's attempted appeal from an interlocutory order granting U.S. Bank Trust's motion for Hernandez to pay monthly rental payments into the court's registry during the pendency of the case. *See Alex Hernandez v. U.S. Bank Trust N.A. as Trustee for LSF8 Master Participation Trust*, No. 08-16-00218-CV, 2016 WL 4801601 (Tex.App.—El Paso September 14, 2016, no pet.)(*Hernandez I*). The county court at law granted U.S. Bank Trust's motion for summary judgment, and Hernandez brought a second appeal which was docketed under cause number 08-16-00290-CV.

Both Hernandez and U.S. Bank Trust filed motions pursuant to TEX.R.APP.P. 24.4 for review of the supersedeas order entered by the county court at law. *See Hernandez v. U.S. Bank Trust N.A. for LSF8 Master Participation Trust*, 527 S.W.3d 307 (Tex.App.—El Paso 2017, no pet.)(op. on motion)(*Hernandez II*). In an opinion issued on February 17, 2017, we concluded that Hernandez failed to timely supersede the judgment and U.S. Bank Trust had the right to enforce the judgment awarding it possession of the subject property. *See Hernandez II*, 527 S.W.3d at

310. U.S. Bank Trust subsequently obtained a writ of possession. Constable Sommers executed the writ of possession on March 13, 2017 and U.S. Bank Trust took possession of the subject property. *See Hernandez v. U.S. Bank Trust, N.A., for LSF8 Master Participation Trust*, No. 08-16-00290-CV, 2017 WL 1953291, at *1 (Tex.App.—El Paso May 11, 2017, no pet.)(*Hernandez III*). Consequently, we dismissed Hernandez's appeal as moot. *Id.*, at *2.

*Application for Writ of Reentry*
*Justice Court No. 717-0030-CV*
*County Court at Law No. 2017-CCV00661*
*Appeal Cause No. 08-17-00141-CV*

While the appeal in cause number 08-16-00290-CV was pending, Alberto Enrique Hernandez and Reynaldo Aaron Morales (hereinafter referred to as "the Purchasers") placed a winning bid via an online auction on February 2, 2017 to purchase the subject property, and they executed a real estate Purchase Agreement for the property the following day. *See Hernandez v. Hernandez*, 547 S.W.3d 898, 899 (Tex.App.—El Paso 2018, pet. denied)(*Hernandez IV*). U.S. Bank Trust signed a Special Warranty Deed for the property on February 27, 2017, and the deed was delivered to U.S. Bank Trust's attorney. *See Hernandez IV*, 547 S.W.3d at 899. On March 16, 2017, three days after the writ of possession was executed, the real estate transaction closed. *Id.* The Purchasers satisfied the closing requirements by depositing the balance of the purchase proceeds with the title company and the title company released the executed Special Warranty Deed for recording and delivery to the Purchasers. *Id.* at 899-900. The deed was recorded on March 21, 2017. *Id.* at 900.

On April 13, 2017, Appellants filed an application for writ of reentry in the justice court alleging that the Purchasers had unlawfully evicted them and locked them out of the property. *Id.* at 900. They also sought damages. *Id.* The justice court denied the application, and Appellants appealed to the county court at law. *Id.* That case was styled *Alejandro Hernandez and the*

- 3 -

*Freedom Indeed Foundation, Inc. v. Alberto Enrique Hernandez and Reynaldo Aaron Morales* and numbered 2017-CCV00661. Finding that title to the property did not convey until the closing on March 16, 2017, the county court at law denied the application for writ of reentry on June 1, 2017 and dismissed the cause with prejudice. *Id.* Appellants appealed, and we docketed the appeal under cause number 08-17-00141-CV. Rejecting Appellants' argument that the Purchasers effectively became the "landlord" on February 27, 2017 when U.S. Bank Trust signed the Special Warranty Deed, we affirmed the county court at law's order denying the application for writ of reentry. *See Hernandez IV*, 547 S.W.3d at 901. We also held that the Purchasers did not have any obligation under the Property Code to file a new FED action, to file a new notice to vacate, or to provide any other notice to Appellants prior to the execution of the writ of possession on March 13, 2017. *Id.*

*Suit for Damages in District Court*
*Trial Court No. 2017DCV0816*
*Appeal No. 08-18-00045-CV*

On March 13, 2017, FIF filed suit in cause number 2017DCV0816 against Constable Sommers seeking injunctive relief to prevent her from executing the writ of possession. FIF asserted that it had not been served with notice to vacate, named in a forcible detainer action, or given an opportunity to be heard. After the writ of possession was executed, both FIF and Hernandez filed an amended petition against Constable Sommers and U.S. Bank Trust seeking injunctive relief to allow them to reenter the property. They also sought damages based on their allegation that their right to due process had been violated. Constable Sommers filed an answer and plea to the jurisdiction seeking dismissal of the suit because: (1) she is immune from both suit and liability in her capacity as an elected Constable in El Paso County, Texas; (2) she is protected by judicial immunity and, (3) Appellants failed to state any claim against her.

Appellants filed a second amended petition against Constable Sommers, U.S. Bank Trust, Alberto Enrique Hernandez, Reynaldo Aaron Morales, and Victor Vasquez seeking damages on their claims for violation of due process, abuse of process, and civil conspiracy.[2] Appellants alleged that Constable Sommers knew or reasonably should have known that the writ of possession was facially invalid and that its execution would be unlawful because she knew or reasonably should have known that U.S. Bank Trust was no longer the owner of the subject property and title had been transferred to the Purchasers on February 27, 2017.

At the hearing on the plea to the jurisdiction, Constable Sommers introduced into evidence a certified copy of the writ of possession, which included the constable's return showing it was delivered to her on March 7, 2017 and executed on March 13, 2017. The writ provided, in relevant part, as follows:

> WHEREAS, Before our Honorable **County Court at Law 3** of the County of El Paso, in Cause No. 2016-CCV00265 on docket styled **US Bank Trust NA As Trustee for LSF8 Master Participation Trust v. Alex Hernandez and ALL OCCUPANTS** on the on this 23rd day of September 2016. Recovered a Judgment against **Alex Hernandez and ALL OCCUPANTS of 5139 Sterling Place El Paso, TX 79932** for the title to and possession of:
>
> .      .      .
>
> The following described lands and tenements situation in the County of El Paso, to wit: **5139 Sterling Place El Paso, TX 79932**
>
> You are therefore commanded that you enter upon, and take possession of the said above-described property, or lands and tenements and deliver possession of the same to the said **US BANK TRUST NA AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST**

The writ of possession commanded that when the writ is executed the officer (a) shall deliver possession of the premises to the landlord, (b) instruct the tenant and all persons claiming under

---

[2] On April 25, 2018, we dismissed the appeal as to U.S. Bank Trust, Alberto Enrique Hernandez, Reynaldo Aaron Morales, and Victor Vasquez. *See Hernandez v. Sommers*, No. 08-18-00045-CV, 2018 WL 1940362 (Tex.App.—El Paso April 25, 2018, no pet.)(mem. op.).

the tenant to leave the premises immediately, and if the persons fail to comply, physically remove them; (c) instruct the tenant to remove or to allow the landlord, or the landlord's representatives or other persons acting under the officer's supervision to remove all personal property from the premises other than personal property claimed to be owned by the landlord; (d) place or have an authorized person place, the removed personal property outside the rental unit at a nearby location, and (3) engage the services of a bonded or insured warehouseman to remove and store subject to applicable law, part or all of the property at no cost to the landlord or the officer executing the writ.

The trial court granted Constable Sommers' plea to the jurisdiction without specifying the exact basis for the decision and dismissed Appellants' claims against her for lack of jurisdiction. This appeal followed.

## VIOLATION OF AUTOMATIC STAY

We begin by addressing a cross-issue presented by Constable Sommers. An interlocutory appeal under Section 51.014(a), other than an appeal under Subsection (a)(4) or in a suit brought under the Family Code, stays the commencement of a trial in the trial court pending resolution of the appeal. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(b). If the interlocutory appeal is based on Subsection (a)(8), as in this case, all proceedings in the case are stayed pending resolution of the appeal. *Id.* Appellants violated the automatic stay on July 31, 2018 by filing their third-amended petition raising new claims against Constable Sommers. Constable Sommers requests that we dismiss Appellants' third-amended petition with prejudice. In this interlocutory appeal, our review is limited to the order granting Constable Sommers' plea to the jurisdiction. Neither the Rules of Appellate Procedure nor Section 51.014(b) authorizes us to dismiss Appellants' third-amended petition with prejudice as requested by Constable Sommers. We hold, however, that the third-

amended petition filed in violation of the automatic stay is a nullity and without force. *See City of Houston v. Swinerton Builders, Inc.,* 233 S.W.3d 4, 9 (Tex.App.—Houston [1st Dist.] 2007, no pet.)(finding that amended petition filed in violation of stay was without force).

## PLEA TO THE JURISDICTION

Appellants present four related issues challenging the order granting the plea to the jurisdiction.

### *Standard of Review*

A plea to the jurisdiction is a dilatory plea by which a party challenges the trial court's subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Independent School District*, 34 S.W.3d at 554. The trial court's ruling on a plea to the jurisdiction is subject to *de novo* review. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015).

A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). When a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine whether the plaintiff has met that burden by pleading facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226. In doing so, we construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent and accept as true the factual allegations in the pleadings. *Miranda*, 133 S.W.3d at 226, 228. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, then the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *State v. Holland*, 221 S.W.3d 639, 643

(Tex. 2007); *Miranda*, 133 S.W.3d at 226-27. On the other hand, if the pleadings affirmatively negate the existence of the trial court's jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 226-27.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues, just as the trial court is required to do. *Miranda*, 133 S.W.3d at 227. When a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court will review the relevant evidence to determine whether a fact issue exists. *Miranda*, 133 S.W.3d at 227. If the evidence presents a jurisdictional fact question, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id*. at 228. If, however, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the plea to the jurisdiction may be ruled on as a matter of law. *Id*.

Appellants contend that the plea to the jurisdiction is strictly a challenge to the pleadings and no evidence should be considered. While Constable Sommers' plea to the jurisdiction challenged the pleadings, she also submitted evidence at the hearing on her plea to the jurisdiction. Thus, her plea to the jurisdiction is directed at both the pleadings and the existence of jurisdictional facts.

*Immunity from Suit vs. Immunity from Liability*

Immunity from suit and immunity from liability are separate principles. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from suit is properly raised in a plea to the jurisdiction. On the other hand, immunity from liability does not affect a trial court's jurisdiction. Consequently, it cannot be raised in a plea to the jurisdiction and must be asserted in a motion for summary judgment. *See Jones*, 8 S.W.3d at 638; *Baylor College of*

*Medicine v. Tate*, 77 S.W.3d 467, 471 (Tex.App.—Houston [1st Dist.] 2002, no pet.); *see also Martinez v. Val Verde County Hospital District*, 110 S.W.3d 480, 485 (Tex.App.—San Antonio 2003), *affirmed*, 140 S.W.3d 370 (Tex. 2004).

In her plea to the jurisdiction, Constable Sommers raised the affirmative defenses of official immunity, derived judicial immunity, and statutory immunity under Section 7.003 of the Civil Practice and Remedies Code. Derived judicial immunity, if applicable, provides absolute immunity from suit and liability. Statutory immunity under Section 7.003 of the Civil Practice and Remedies Code provides only immunity from liability. Official immunity is an affirmative defense which provides immunity from suit.

*Derived Judicial Immunity and Section 7.003 Immunity*

Constable Sommers asserted in her plea to the jurisdiction that she is protected by both derived judicial immunity and the immunity provided by Section 7.003 of the Civil Practice and Remedies Code. "The policy reasons for judicial immunity are also implicated when a judge delegates or appoints another person to perform services for the court or when a person otherwise serves as an officer of the court." *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002). In this circumstance, the immunity attaching to the judge follows the delegation, appointment, or court employment. *Id.*; *Byrd v. Woodruff*, 891 S.W.2d 689, 707 (Tex.App.—Dallas 1994, writ denied). A person acting in such a capacity receives the same immunity as a judge acting in his or her official judicial capacity—absolute immunity for judicial acts performed within the scope of jurisdiction. *Halsey*, 87 S.W.3d at 554. This is known as derived judicial immunity. *Id.*

A constable is mandated to execute and return each process, warrant, and precept directed to the constable and delivered by a lawful official. TEX.LOCAL GOV'T CODE ANN. § 86.021(a). Notices required by Section 24.005, Property Code, relating to eviction actions are process for

purposes of Section 86.021. *Id.* A constable has a duty to execute a writ of possession from the justice court, even though the writ may involve litigation or doubtful questions of fact. *See Merritt v. Harris County*, 775 S.W.2d 17, 23 (Tex.App.—Houston [14th Dist.] 1989, writ denied). As an officer of the court with a duty to execute process, the constable is not a tribunal to determine doubtful questions of fact. *Id.*, *citing Henry S. Miller Company v. Evans*, 452 S.W.2d 426, 433-34 (Tex. 1970)(holding that a sheriff is an officer of the court and is under a duty to execute process, and is not a tribunal to determine doubtful questions of fact).

Section 7.003 of the Civil Practice and Remedies Code provides: "Except as provided by Section 34.061, an officer is not liable for damages resulting from the execution of a writ issued by a court of this state if the officer in good faith executes or attempts to execute the writ as provided by law and by the Texas Rules of Civil Procedure." TEX.CIV.PRAC.&REM.CODE ANN. § 7.003.[3] Under Subsection (c), an officer shows that the officer acted in good faith when the officer shows that a reasonably prudent officer, under the same or similar circumstances, could have believed that the officer's conduct was justified based on the information the officer possessed when the conduct occurred. TEX.CIV.PRAC.&REM.CODE ANN. § 7.003(c); *Abercia v. Kingvision Pay-Per-View Ltd.*, 217 S.W.3d 688, 703 (Tex.App.—El Paso 2007, pet. denied)(applying prior version of Section 7.003 which also required a showing of reasonable diligence). Therefore, constables are conferred with derived judicial immunity, subject to liability under Section 34.061 of the Civil Practice and Remedies Code, when executing court writs so long as they execute the writ in good faith as provided by law and the Rules of Civil Procedure.

---

[3] Section 34.061 places a duty upon the constables to keep securely all personal property which has been levied upon by the officers. TEX.CIV.PRAC.&REM.CODE ANN. § 34.061. Section 34.061 is a legislatively created exception to immunity. *See Freeman v. Wirecut E.D.M.*, 159 S.W.3d 721, 729 (Tex.App.—Dallas 2005, no pet.); *Merritt v. Harris County*, 775 S.W.2d 17, 23 (Tex.App.—Houston [14th Dist.] 1989, writ denied). Appellants do not assert any claim under Section 34.061.

TEX.CIV.PRAC.&REM.CODE ANN. § 7.003(c); *Abercia*, 217 S.W.3d at 703; *Meritt*, 775 S.W.2d at 23. We concluded in *Abercia* that Section 7.003 served to qualify an officer's derived judicial immunity when executing writs. *Abercia*, 217 S.W.3d at 703; *see Freeman v. Wirecut E.D.M., Inc.*, 159 S.W.3d 721, 728-29 (Tex.App.—Dallas 2005, no pet.)(interpreting the *Merritt* court's analysis of judicial immunity in light of Section 7.003). Thus, Constable Sommers is not entitled to derived judicial immunity separate and apart from Section 7.003.

Constable Sommers' assertion of derived judicial immunity pursuant to Section 7.003, if meritorious, would entitle her to immunity from liability for damages, but not immunity from suit. This affirmative defense cannot be raised in a plea to the jurisdiction and must be asserted in a motion for summary judgment. *See Jones*, 8 S.W.3d at 638. Because Constable Sommers did not utilize the appropriate procedural vehicle for presenting this affirmative defense, we decline to address whether she established that she is entitled to derived judicial immunity pursuant to Section 7.003 (Issue Three).

*Official Immunity*

Constable Sommers also based her plea to the jurisdiction on official immunity. Official immunity protects public officials from suit arising from performance of their (1) discretionary duties (2) in good faith (3) within the scope of their authority. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex. 2004); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

Public officials act within the scope of their authority if they are discharging the duties generally assigned to them. *Ballantyne*, 144 S.W.3d at 424; *Chambers*, 883 S.W.2d at 658. Constables are required by law to execute and return each process, warrant, and precept directed to the constable and delivered by a lawful official. TEX.LOCAL GOV'T CODE ANN. § 86.021(a).

Thus, Constable Sommers was acting within the scope of her authority when she executed the writ of possession.

The next issue is whether Constable Sommers performed a discretionary function when she executed the writ of possession and delivered possession of the property to U.S. Bank Trust. Ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne*, 144 S.W.3d at 425, *quoting Commission of the General Land Office v. Smith*, 5 Tex. 471, 479 (1849). If the public official must obey an order, without having any choice in complying, the act is ministerial. *Ballantyne*, 144 S.W.3d at 425; *Chambers*, 883 S.W.2d at 654. If an action involves personal deliberation, decision, and judgment, it is discretionary. *Ballantyne*, 144 S.W.3d at 425. Upon being presented with a facially valid writ of possession, Constable Sommers was required by law to execute it in accordance with the law and the Texas Rules of Civil Procedure. While she did not have discretion to refuse to execute the writ, the manner in which she executed the writ involved her personal judgment and discretion. In additional to delivering the premises to U.S. Bank Trust, Constable Sommers was required to instruct the tenant and all persons claiming under the tenant to leave the premises immediately, and if the persons failed to comply, to physically remove them. She was also obligated to supervise the removal of the tenant's personal property from the premises and to ensure that the personal property was safely stored if necessary. All of these actions required Constable Sommers to exercise personal judgment and discretion.

Finally, we must examine whether Constable Sommers acted in good faith. To determine whether a public official acted in good faith, we ask whether a reasonably prudent official, under the same or similar circumstances, could have believed that her conduct was justified based on the information she possessed when the conduct occurred. *Ballantyne*, 144 S.W.3d at 425. This test

of good faith addresses what a reasonable person could have believed rather than what a reasonable person would have done. *Id.*

We begin with Appellants' claim that Constable Sommers acted in bad faith because the writ of possession was facially invalid. The writ of possession satisfied the requirements of Section 24.0061 of the Texas Property Code in all respects. *See* TEX.PROP.CODE ANN. § 24.0061. Furthermore, the writ was issued pursuant to a valid judgment of the County Court at Law No. 3 in cause number 2016-CCV00265 granting U.S. Bank Trust title to and possession of the subject property. The writ of possession is facially valid.

Appellants allege in their second amended petition that Constable Sommers executed the writ of possession in bad faith because she knew or reasonably should have known that U.S. Bank no longer owned the property. Appellants' claims for violation of due process, abuse of process, and civil conspiracy against Constable Sommers are predicated on their assertion that when U.S. Bank Trust signed the Special Warranty Deed on February 27, 2017, title to the property passed from U.S. Bank Trust to the Purchasers. Thus, they reason that the Purchasers effectively became the "landlord" on February 27, 2017 when U.S. Bank Trust signed the Special Warranty Deed. We expressly rejected this argument in *Hernandez IV* and held that title did not pass to the Purchasers until March 16, 2017 when the real estate transaction closed, and the Purchasers satisfied their obligations under the purchase agreement. *See Hernandez IV*, 547 S.W.3d at 901.

Constable Sommers asks that we take judicial notice of our decision in *Hernandez IV*. An appellate court can take judicial notice of its own records and judgments rendered in cases involving the same subject matter and the same or nearly the same parties. *See Bynog v. Prater*, 60 S.W.3d 310, 310 n.1 (Tex.App.—Eastland 2001, pet. denied); *Trevino v. Pemberton*, 918 S.W.2d 102, 103 n.2 (Tex.App.—Amarillo 1996, orig. proceeding); *Muller v. Leyendecker*, 697

S.W.2d 668, 675 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). The instant case is certainly related to the other proceedings and appeals. While Constable Sommers was not a party to the underlying case in cause number 08-17-00141, the Purchasers and U.S. Bank Trust are parties in both cases, and Appellants allege that Constable Sommers conspired and colluded with them by executing the writ of possession. Accordingly, we grant Constable Sommers' request to take judicial notice of our opinion and judgment in *Hernandez IV*.

We conclude that a reasonably prudent constable, under the same or similar circumstances, could have believed that executing the writ and delivering possession of the premises to U.S. Bank Trust was justified based on the information Constable Sommers possessed when the conduct occurred. Even if we did not take judicial notice of our prior decision which resolved the disputed issue over title to the subject property, we would conclude that Constable Sommers is nevertheless entitled to official immunity. A constable who executes a facially valid writ acts in good faith even when she is aware that there is a legal dispute over the matter. *See Richardson v. Parker*, 903 S.W.2d 801, 805 (Tex.App.—Dallas 1995, no pet.). The writ of possession and the attached return show that Constable Sommers executed the writ of possession in good faith pursuant to a valid judgment and in accordance with the requirements of the Texas Property Code. Consequently, we conclude that she is entitled to official immunity from suit. Issues One and Two are overruled. It is unnecessary to address Issue Four. Having found that Constable Sommers is entitled to official immunity, we affirm the trial court's order granting the plea to the jurisdiction and dismissing all of Appellants' claims against Constable Sommers.


August 28, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

- 14 -