**Affirmed and Opinion Filed February 7, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-22-01180-CV

**PATRICIA ERVING, Appellant**

**V.**

**DALLAS COUNTY HOSPITAL DISTRICT D/B/A
PARKLAND HEALTH, Appellee**

**On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-22-08703**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Molberg

Appellant Patricia Erving ("Erving") appeals the trial court's order granting appellee Dallas County Hospital District d/b/a Parkland Health's plea to the jurisdiction. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Erving has appeared pro se throughout the proceedings below and on appeal. Although we liberally construe pro se pleadings and briefs, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Chambers v. State*, 261 S.W.3d 755, 757 (Tex. App.—Dallas 2008, pet. denied). Liberally construed, Erving's petition alleges

appellee is liable for negligence, violations of her civil rights, violations of constitutional rights, and violations of her rights under HIPPA.

In response, appellee filed a plea to the jurisdiction arguing it was entitled to dismissal based on sovereign immunity. In support thereof, appellee attached an affidavit that stated (1) it is a hospital district organized and existing under Texas law and (2) it is a unit of local government and a political subdivision of the State of Texas. Erving did not file a response.

The trial court proceeded to make findings of fact and granted appellee's plea. Specifically, the trial court found that (1) appellee was a "hospital district organized and existing under the laws of the State of Texas and . . . therefore a governmental unit" and (2) Erving neither pled nor demonstrated that she provided the six-month notice of claim to appellee as required by Texas Civil Practice and Remedies Code § 101.101. Erving does not challenge these findings on appeal.

"The provision of notice is a jurisdictional requirement in all suits against a governmental unit." *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex. 2010) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 101.101(a)); *see also* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Here, appellee was entitled to receive notice of Erving's claim by six months after the day of the incident giving rise to her injury. TEX. CIV. PRAC. & REM. CODE § 101.101(a); *cf. Martinez v. Val Verde Cnty. Hosp. Dist.*, 140 S.W.3d 370, 371 (Tex.

2004) (affirming trial court's grant of a plea to the jurisdiction where plaintiffs did not contend the hospital district had actual notice before the six-month deadline). The purpose of this notice requirement "is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam) (citing *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex. 1981)); *see also Colquitt v. Brazoria Cnty.*, 324 S.W.3d 539, 543 (Tex. 2010) ("The notice provision also aids the government in the management and control of its finances and property.") (citing *Artco–Bell Corp. v. City of Temple,* 616 S.W.2d 190, 192 (Tex. 1981)). Even when construed liberally, neither Erving's petition nor the record contains allegations or evidence that appellee had the requisite notice of her claim.

First, there is no pre-suit written notice. *See Cathey*, 900 S.W.2d at 340 ("The Texas Tort Claims Act requires a claimant to provide a governmental unit with formal, written notice of a claim against it within six months of the incident giving rise to the claim; however, the formal notice requirements do not apply if the governmental unit has actual notice of the claim."). Second, even when we assume that Erving's petition was filed and served within six months of her alleged injury, it does not satisfy statutory requirements by specifying the time and place of the incident. TEX. CIV. PRAC. & REM. CODE § 101.101(a); *see also Colquitt*, 324 S.W.3d at 543 ("The Tort Claims Act does not require pre-suit notice when the claimant's

lawsuit provides all the requisite information and is served within six months of the incident."). Third, there is no allegation or evidence appellee had actual notice via a subjective awareness that its fault produced or contributed to the claimed injuries. *See City of San Antonio v. Tenorio*, 543 S.W.3d 772, 779 (Tex. 2018); *see also Martinez*, 140 S.W.3d at 371.

Based on the absence of any allegation or evidence that appellee had the requisite notice of Erving's claim, we affirm the judgment of the trial court.

221180f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA ERVING, Appellant

No. 05-22-01180-CV        V.

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND
HEALTH, Appellee

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-08703.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH recover its costs of this appeal from appellant PATRICIA ERVING.

Judgment entered this 7th day of February, 2024.