

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00164-CV

Mohamad **NAWAR**, M.D.,
Appellant

v.

Maria Martha **GONZALEZ**, Individually and on behalf of Estate of Joseph M. Gonzalez,
Deceased, Sandra Gonzalez, Sergio Gonzalez, Azalea Gonzalez, and Carolina Gonzalez Ortiz,
Appellees

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 32082
Honorable Enrique Fernandez, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed: December 5, 2018

AFFIRMED

This is an interlocutory appeal from an order denying appellant Mohamad Nawar, M.D.'s

plea to the jurisdiction. On appeal, Dr. Nawar argues the trial court erred in denying his plea to

the jurisdiction because he is an employee of Val Verde Health Clinic d/b/a Amistad Medical

Professionals ("the Clinic"), which is a "hospital district management contractor" that is immune

from suit under the Texas Tort Claims Act ("TTCA"). We affirm the trial court's order.

**BACKGROUND**

Joseph M. Gonzalez was admitted to Val Verde County Hospital Corporation d/b/a Val Verde Regional Medical Center ("the Center") for chest pain. At the Center, he was treated by Dr. Nawar, an interventional cardiologist, who scheduled Mr. Gonzalez for a cardiac catheterization procedure. Following the procedure, Mr. Gonzalez had complications and showed signs of a heart attack. Mr. Gonzalez died four days after the procedure. At the time of Mr. Gonzalez's treatment, Dr. Nawar was working under an "Independent Contractor Agreement" with the Clinic and provided physician services to patients at the Center pursuant to a "Management Services Agreement" between the Center and the Clinic.

Appellees, Maria Martha Gonzalez, Individually and on behalf of Estate of Joseph M. Gonzalez, Deceased; Sandra Gonzalez; Sergio Gonzalez; Azalea Gonzalez; and Carolina Gonzalez Ortiz (hereinafter, "the Gonzalezes"), filed suit against Dr. Nawar and the Clinic. The Gonzalezes alleged Dr. Nawar was negligent in his treatment of Mr. Gonzalez because rather than transferring Mr. Gonzalez to San Antonio, Dr. Nawar performed a high-risk interventional procedure. The Gonzalezes further alleged the Clinic was vicariously liable for Dr. Nawar's actions. In response, the Clinic filed a general denial, affirmatively asserting it is a "hospital district management contractor" pursuant to section 285.071 of the Texas Health and Safety Code ("the Code"), and therefore, it is a governmental unit that is immune from suit under section 285.072 of the Code. *See* TEX. HEALTH AND SAFETY CODE ANN. §§ 285.071-285.072. Dr. Nawar also filed a general denial, asserting he is an employee of the Clinic, and as an employee of the Clinic, he too is entitled to governmental immunity from suit. *See id.* § 285.072. Thereafter, the Gonzalezes filed an amended petition removing the Clinic as a defendant.

Dr. Nawar then filed a plea to the jurisdiction, asserting he is entitled to governmental immunity from suit because he is an employee of the Clinic. According to Dr. Nawar, he provided

physician services to patients at the Center under the "Management Services Agreement" between the Center and the Clinic, and the Clinic is a "hospital district management contractor" that is considered a governmental unit for purposes of the Texas Tort Claims Act ("TTCA") and therefore, is immune from suit. *See id.* §§ 285.071-285.072. Dr. Nawar further asserted that because he is an employee of the Clinic, he is also entitled to the protections of the TTCA, including immunity from suit. *See id.* §§ 285.071-285.072.

The trial court ultimately denied Dr. Nawar's plea to the jurisdiction, finding Dr. Nawar was not an employee of the Clinic and the Clinic was not a "hospital district management contractor" for the Center. Dr. Nawar timely perfected this appeal.

## ANALYSIS

As indicated above, Dr. Nawar argues the trial court erred in denying his plea to the jurisdiction because he is an employee of the Clinic, and the Clinic is a "hospital district management contractor" that is immune from suit under the TTCA. In response, the Gonzalezes argue Dr. Nawar is an independent contractor as opposed to an employee of the Clinic, and the Clinic is not a "hospital district management contractor" that is immune from suit.

### *Standard of Review*

"Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction." *Baylor Scott & White v. Peyton*, 549 S.W.3d 242, 245–46 (Tex. App.—Fort Worth 2018, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). "Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction are questions of law." *Id.* We therefore review a trial court's ruling on a plea to the jurisdiction de novo. *Id.*

In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in favor of the pleader and look to the pleader's intent. *Salas v. Wilson Mem'l Hosp. Dist.*, 139 S.W.3d 398, 402 (Tex. App.—San Antonio 2004, no pet.). Because we are not required to look solely to the pleadings when deciding a plea to the jurisdiction, we may consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Miranda*, 133 S.W.3d at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

### *Hospital District Management Contractor*

We begin with Dr. Nawar's contention that the Clinic is a "hospital district management contractor" that is immune from suit under the TTCA. According to Dr. Nawar, the Clinic is a "hospital district management contractor" that is immune from suit because it contracted with the Center to provide physician services to the Center. The Gonzalezes, however, contend the Clinic is not immune from suit because it does not operate or manage the Center, and immunity from suit exists for "hospital district management contractors" only in their management or operation of a hospital.

### *Applicable Law*

"Governmental immunity protects constitutionally or legislatively-created institutions, agencies, or organs of government from suit and liability." *Baylor Scott & White*, 549 S.W.3d at 246 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(D)). Hospital districts, such as Val Verde County Hospital District, are considered governmental units that are entitled to governmental immunity from suit. *Martinez v. Val Verde Cty. Dist.*, 140 S.W.3d 370, 371 (Tex.

2004) (citing TEX. HEALTH AND SAFETY CODE ANN. § 101.001(3)); *see Christus Spohn Health Sys. Corp. v. Ven Huizen*, No. 13-10-400-CV, 2011 WL 1900174, at *2 (Tex. App.—Corpus Christi–Edinburg May 19, 2011, pet. denied) (mem. op.).

In certain circumstances, "hospital district management contractors" are also entitled to governmental immunity. *Baylor Scott & White*, 549 S.W.3d at 246. Section 285.072 of the Code provides that governmental immunity from suit exists for "[a] hospital district management contractor in its management or operation of a hospital under a contract with a hospital district." TEX. HEALTH AND SAFETY CODE ANN. § 285.072; *Baylor Scott & White*, 549 S.W.3d at 246; *Ven Huizen*, 2011 WL 1900174, at *2. Section 285.071 of the Code defines "hospital district management contractor" to mean "a nonprofit corporation, partnership, or sole proprietorship that manages or operates a hospital or provides services under contract with a hospital district that was created by general or special law." TEX. HEALTH AND SAFETY CODE ANN. § 285.071; *Baylor Scott & White*, 549 S.W.3d at 246; *Ven Huizen*, 2011 WL 1900174, at *4-*5 (outlining three requirements entity must satisfy to achieve status as "hospital district management contractor").

*Application*

To begin, it is undisputed that the Center, as a hospital district, is a governmental unit entitled to governmental immunity. To determine whether the Clinic is a "hospital district management contractor" entitled to governmental immunity, we must determine whether the Clinic falls within the circumstances giving rise to immunity under section 285.072 of the Code. *See* TEX. HEALTH AND SAFETY CODE ANN. § 285.072; *Baylor Scott & White*, 549 S.W.3d at 246 (focusing analysis on whether Baylor Health Care Center qualifies for immunity after determining center is a "hospital district management contractor"). That is, whether the Clinic manages or operates a hospital under contract with the Center. *See* TEX. HEALTH AND SAFETY CODE ANN. § 285.072; *Baylor Scott & White*, 549 S.W.3d at 246 (holding plain language of section 285.072

limits immunity to "hospital district management contractor" that manages or operates a hospital under a contract with a hospital district). We therefore look to the "Management Services Agreement" between the Center and the Clinic.

Here, the agreement provides that the Clinic is a nonprofit corporation that is solely responsible for providing medical services at its site as well as other sites agreed upon by the Clinic and the Center. *See* TEX. HEALTH AND SAFETY CODE ANN. § 285.071. However, with respect to management and operations, the agreement provides that the Center will oversee all management and operations of the Clinic and other sites. Specifically, the agreement provides that the Center shall, among other things, furnish any supplies as reasonably necessary for the efficient operation of the Clinic; provide development services and community outreach programs for the Clinic; provides the Clinic with human resource management services; provide all accounting and related financial support services for the Clinic; and establish and maintain all billing processes for the Clinic. Thus, the agreement expressly provides that the Center operates and manages the Clinic and other sites, whereas the Clinic is solely responsible for providing medical services. Accordingly, we conclude the Clinic does not operate or manage hospitals under contract with the Center, and as a result, the Clinic is not a "hospital district management contractor" that is entitled to governmental immunity under the TTCA. *See id.* § 285.072; *Baylor Scott & White*, 549 S.W.3d at 246.

Dr. Nawar, however, contends that the Clinic is immune from suit because it provides services to the Center as a "hospital district management contractor." This argument assumes immunity from suit extends to all "hospital district management contractors" and fails to recognize the limited circumstances in which governmental immunity extends to "hospital district management contractors." Section 285.072 does not confer immunity on all entities that meet section 285.071's definition of "hospital district management contractors." *Baylor Scott & White*,

549 S.W.3d at 255. As pointed out recently by the Fort Worth court of appeals, "[t]he legislature limited section 285.072's creation of immunity … to entities that manage or operate a hospital under a contract with a hospital district." *Id.* Accordingly, because the Clinic does not manage or operate the Center, we hold the Clinic is not a "hospital district management contractor" that is immune from suit. As a result, because the only basis upon which Dr. Nawar asserts his entitlement to immunity depends on the Clinic's immunity from suit, we further hold that Dr. Nawar is not immune from suit.

## CONCLUSION

Having determined the Clinic is not a "hospital district management contractor" that is immune from suit, we affirm the trial court's order denying Dr. Nawar's plea to the jurisdiction.

Marialyn Barnard, Justice