**Opinion filed April 8, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00123-CV
_____

**PEDRO DE LA ROSA AND ANGELINA DE LA ROSA, Appellants**

**V.**

**BASIC ENERGY SERVICES, L.P., BY AND THROUGH ITS GENERAL PARTNER, BASIC ENERGY SERVICES GP, LLC, Appellee**

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CV52579**

## M E M O R A N D U M   O P I N I O N

Appellants, Pedro and Angelina De La Rosa, appeal the trial court's order granting Appellee's, Basic Energy Services, L.P., plea to the jurisdiction. Because the trial court possessed subject-matter jurisdiction over Appellants' pleaded claims, we reverse and remand.

## I. *Factual Background*

The facts set forth here, with respect to the incidents that gave rise to this suit, were derived from the allegations in Appellants' operative pleadings filed in this cause. While employed by Appellee as a tanker-truck driver, Pedro De La Rosa was severely injured in a rollover accident as he was transporting water from an oil well operated by Endeavor Energy Resources to a disposal site. The rollover occurred in the early morning hours on an unpaved dirt road near Mentone, Texas. Pedro had worked throughout the night and was transporting his third consecutive load of water. It was still dark outside, and Pedro was driving slowly because the road, for the approximately fifteen miles leading to and from the well, was unpaved and "poorly-maintained." A large animal ran onto the road as Pedro was maneuvering the tanker truck around a large pothole; the tanker truck he was operating then rolled over as he attempted to avoid the animal.

Because of the extent of Pedro's injuries, he was transported by helicopter to a hospital in Odessa. Freddie Garcia, the "Area Superintendent" of Appellee's office in Pecos, introduced himself to Pedro at the hospital, and at some point, Pedro heard Garcia direct the attending doctor not to provide certain medical care to Pedro "in an apparent effort to minimize the records of Pedro's injuries." Specifically, Pedro heard the attending doctor state that he needed to insert stitches on Pedro's eye cavity; Pedro then heard Garcia instruct the doctor not to do so because "Pedro [was] fine." Later, Pedro applied for and received workers' compensation benefits to pay his incurred medical expenses; he also received income benefits.

Appellants subsequently filed suit against Appellee and others. As to Appellee, Appellants alleged that Pedro's injuries from the rollover were intentionally caused (1) by Appellee's failure to provide a safe place to work and (2) by Appellee's knowledge that its drivers were fatigued and its requirement that the drivers nevertheless drive excessive hours with minimal rest. On behalf of Pedro,

2

Appellants further alleged that Appellee's subsequent conduct during Pedro's post-accident treatment at the hospital in Odessa caused Pedro to sustain independent injuries because Garcia, as Appellee's agent, pressured and coerced the medical staff to withhold medical care from Pedro and to release him prematurely. On behalf of Angelina, Appellants also pleaded a claim against Appellee for intentional loss of consortium.

In its third amended answer, Appellee included a plea to the jurisdiction in which it asserted that Appellants' claims were barred by the Texas Workers' Compensation Act (the Act) and the affirmative defense of election of remedies. Appellants filed a motion to strike Appellee's plea. After a hearing, the trial court denied Appellants' motion to strike and granted Appellee's plea to the jurisdiction.

In their sole issue on appeal, Appellants contend that the trial court erred when it granted Appellee's plea.[1] We agree.

## II. *Standard of Review*

Before a court may dispose of a case, it is essential that the court possess subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea to the jurisdiction is a dilatory plea and a proper method by which to challenge a trial court's subject-matter jurisdiction. *Id.* at 554. Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo. *Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing *Tex.*

---

[1]Appellants argue that affirmative defenses may not be raised by a plea to the jurisdiction. Although the Texas Supreme Court and some of our sister courts have generally adopted this premise, *see State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 361 n.22 (Tex. App.—Fort Worth 2018, pet. denied); *Dallas Cty. v. Cedar Springs Invs. L.L.C.*, 375 S.W.3d 317, 321 (Tex. App. —Dallas 2012, no pet.); *Univ. of Tex. Med. Branch at Galveston v. Barrett*, 112 S.W.3d 815, 817 (Tex. App.—Houston [14th Dist.] 2003), *aff'd*, 159 S.W.3d 631 (Tex. 2005); *Martinez v. Val Verde Cty. Hosp. Dist.*, 110 S.W.3d 480, 484–85 (Tex. App.—San Antonio 2003), *aff'd*, 140 S.W.3d 370 (Tex. 2004); *Tex. Dep't of Mental Health v. Olofsson*, 59 S.W.3d 831, 833 (Tex. App.—Austin 2001, pet. dism'd); *Anders v. Weslaco Indep. Sch. Dist.*, 960 S.W.2d 289, 292 (Tex. App.—Corpus Christi–Edinburg 1997, no pet.), the application of this principle is not necessary to our disposition of Appellants' issue on appeal.

*Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)); *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

The purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied). When the plea challenges the pleadings, as in the case before us, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction to hear the case. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009)). Therefore, our review requires that we accept as true all factual allegations in the pleadings, that we examine the pleader's intent, and that we construe the pleadings liberally in the pleader's favor. *Id.*; *Miranda*, 133 S.W.3d at 226; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Mun. League Intergovernmental Risk Pool v. City of Abilene*, 551 S.W.3d 337, 342–43 (Tex. App.—Eastland 2018, pet. dism'd).

### III. *Analysis*

Appellants assert that the trial court erred when it granted Appellee's plea because they had pleaded sufficient facts to affirmatively show that the trial court had subject-matter jurisdiction over their claims. Appellee maintains that the trial court properly granted its plea because (1) the Act provides the exclusive remedy for Appellants' claims, (2) Appellants failed to exhaust their administrative remedies, and (3) Appellants elected to receive workers' compensation benefits.[2] We will

---

[2]We note that Appellee also filed a motion for summary judgment challenging the merits of Appellants' pleaded claims on the same grounds; however, this motion was never presented to the trial court for a ruling.

address each ground raised by Appellee upon which the trial court could have granted the plea.

A. *Exclusive Remedy*

The Act provides remedies for the prompt payment of medical expenses and lost wages for covered employees who sustain work-related injuries, without the injured employee's needing to prove liability under a common-law tort theory. *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 72 (Tex. 2016) (citing *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex. 2009)). In fact, in exchange for the guarantee of the payment of workers' compensation benefits to the injured employee, the Act prohibits an injured employee from seeking common law remedies from his employer. *Id.*; *see* TEX. LAB. CODE ANN. § 408.001(a) (West 2015). Under its exclusive-remedy provision, the Act provides an employer that subscribes to workers' compensation insurance immunity from common-law negligence claims that may be brought by its employees. LAB. § 408.001(a); *Mo-Vac Serv. Co. v. Escobedo*, 603 S.W.3d 119, 120 (Tex. 2020).

However, the Act's exclusive-remedy provision does not prohibit an injured employee from pursuing intentional-injury claims against his employer. *Escobedo*, 603 S.W.3d at 124–25 (noting that the legislature has never codified or rejected *Middleton*'s intentional-injury exception and stating: "Notwithstanding the breadth of some of its terms, [the Act's] evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited." (quoting *Middleton v. Tex. Power & Light Co.*, 185 S.W. 556, 560 (Tex. 1916))); *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985) ("The Texas Workers' Compensation Act is the exclusive remedy for work-related injuries with the exception of intentional injury."). Under *Middleton*'s intentional-injury exception, an injured employee may pursue common law remedies for the intentional torts committed by his employer if he can establish the employer's specific intent to inflict injury. *Escobedo*, 603

5

S.W.3d at 125; *Reed Tool*, 689 S.W.2d at 406; *see Berkel & Co. Contractors, Inc. v. Lee*, 612 S.W.3d 280, 285 (Tex. 2020). As such, to prevail on an intentional-injury claim, the injured employee must establish that his employer intended for, or believed that, its actions were substantially certain to result in injury to the employee. *Berkel*, 612 S.W.3d at 285; *Escobedo*, 603 S.W.3d at 125; *Reed Tool*, 689 S.W.2d at 406.

Because the present case is before us on a plea to the jurisdiction, we look to Appellants' pleadings and determine only whether sufficient facts were alleged to affirmatively bring their claims within the trial court's subject-matter jurisdiction. In their first amended petition, the "operative pleading" below, Appellants alleged, with respect to the rollover incident, that "Basic Energy knew that it was subjecting its truck drivers to fatigue by virtue of requiring them to drive excessive hours and Basic Energy believed that [these] injury-producing events were substantially certain to result therefrom, especially when traversing poorly-maintained dirt roads such as the roadway at issue." Regarding the post-rollover incidents at the hospital, Appellants alleged that Basic Energy, through its agent (Garcia), pressured hospital staff to withhold medical care from Pedro and that "with respect to said withholding and premature release, Basic Energy desired at all relevant times to cause the consequences (including the injuries to Pedro and Angie . . . ), or alternatively, Basic Energy believed at all relevant times that said consequences are [sic] substantially certain to result from said withholding and premature release."

Because Appellants' operative pleading alleged that Appellee believed that its conduct was substantially certain to result in Pedro's injuries and Angelina's loss of consortium, we find that Appellants' pleaded claims fall within the purview of the intentional-injury exception to the Act's exclusive-remedy provision. Therefore, Appellants' factual allegations affirmatively demonstrate that the trial court has subject-matter jurisdiction over these claims.

B. *Failure to Exhaust*

Appellee also asserts that the Act deprives the trial court of subject-matter jurisdiction over Appellants' pleaded claim with respect to the post-rollover events that occurred at the hospital in Odessa. Specifically, Appellee characterizes this pleaded claim as a dispute over medical benefits and argues that Appellants' post-rollover claims are barred by the Act because Appellants failed to comply with the Labor Code's medical dispute resolution procedures and exhaust their administrative remedies. *See* LAB. § 413.031(k)–(k-1) (West Supp. 2020). Appellee's reliance on this statute is misplaced.

The Labor Code provision advanced by Appellee is only applicable to medical benefit disputes and medical fee disputes. *See id.* In this case, Appellants have alleged neither. Therefore, the Labor Code's medical dispute resolution procedures and exhaustion requirements would not be triggered.

Instead, Appellants alleged that Garcia's undue influence, and the pressure he exerted on hospital personnel to withhold medical care for Pedro, ultimately resulted in further injury to Pedro. Appellants further alleged that Garcia's post-rollover conduct was "not job-related and [was] *separate* from the event for which a workers['] compensation claim was filed and the[se] [post-rollover] acts produced an *independent* injury separate from the injuries for which any workers['] compensation claim was filed." Appellants pleaded an intentional-injury claim, alleging that Garcia's post-rollover affirmative conduct resulted in an independent injury to Pedro. Therefore, Appellants' factual allegations affirmatively demonstrate that the trial court has subject-matter jurisdiction over this claim.

C. *Election of Remedies*

Finally, although the Act's exclusive-remedy provision does not exempt intentional-injury claims, the Act also does not expressly exclude workers' compensation coverage for injuries that result from an employer's intentional tort.

7

*Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996). In fact, an injured employee's receipt of workers' compensation benefits and his pursuit of common law damages from his employer for the same intentional injury are mutually exclusive remedies. *Id.* Here, Appellee argues that Pedro's receipt of workers' compensation benefits divests the trial court of subject-matter jurisdiction over Appellants' present claims. Appellee submits that Appellants' intentional tort claims are barred as a matter of law because Pedro elected to file for and receive workers' compensation benefits; therefore, Pedro's "election" deprives the trial court of subject-matter jurisdiction over Appellants' claims. We disagree.

"The doctrine of 'election of remedies' is an affirmative defense that, under certain circumstances, bars a person from pursuing two inconsistent remedies." *Id.* (citing *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 850–52 (Tex. 1980)). However, whether Appellee can establish this affirmative defense to Appellants' claims does not bear on the trial court's *subject-matter jurisdiction* over the case.[3] We additionally note that, under *Reed Tool*, an injured employee's acceptance of workers' compensation benefits does not bar an employee-spouse's derivative claim against the employer for intentional impairment of consortium because the employee-spouse's own claim for intentional injury is not excluded by the Act. *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 740 (Tex. 1980) (holding that wife's derivative claim of negligent impairment of consortium was barred by husband's workers' compensation agreement but that her action for intentional impairment of consortium was not); *see also Reed Tool*, 689 S.W.2d at 407–08 (holding that summary judgment in wife's action for intentional impairment of consortium was proper because wife could not establish employer's requisite intent to injure).

---

[3]In their briefs, the parties argue whether Appellee has established the elements of its election-of-remedies defense. Because the only issue before us is whether the trial court has subject-matter jurisdiction over the case, our review on appeal does not consider that merits determination.

Here, because Appellants' claims are not within the Texas Department of Insurance's exclusive jurisdiction and because Appellee's election of remedies defense is not an impediment to the trial court's exercise of subject-matter jurisdiction over the case, we hold that the trial court's determination that it lacked subject-matter jurisdiction over Appellants' claims and its order granting Appellee's plea were erroneous. Accordingly, we sustain Appellants' sole issue on appeal.

## IV. *This Court's Ruling*

Appellants pleaded sufficient facts to affirmatively show that the trial court has subject-matter jurisdiction over their asserted claims. Therefore, we reverse the order of the trial court and remand the cause to the trial court for further proceedings.

W. STACY TROTTER

JUSTICE

April 8, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.